FILED

2023 Jan-31  PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| JOHNSON CONTRACTORS, INC., | |
| Plaintiff, | |
| v. | Case No. 5:23-cv-00028-HNJ |
| STARBELT LLC, a Delaware limited liability company, META PLATFORMS, INC., a Delaware corporation, HOLDER CONSTRUCTION GROUP, LLC, a Georgia limited liability company, and SCHUFF STEEL CO., INC., a Delaware corporation, | |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT STARBELT, LLC

COMES NOW, Starbelt, LLC (hereinafter "Starbelt"), by and through its undersigned attorneys, and files its Answer and Affirmative Defenses in response to the December 6, 2022 Complaint (the "Complaint") asserted by Johnson Contractors, Inc. ("JCI" or "Plaintiff") against Starbelt and co-defendants Holder Construction Group, LLC ("Holder"), Meta Platforms, Inc. ("Meta"), and Schuff Steel Co., Inc. ("Schuff") in the Circuit Court of Madison County, Alabama and

subsequently removed to this Court pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332(a), and states as follows:

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

Plaintiff's Complaint fails to state claims upon which relief can be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred in whole or in part by Plaintiff's prior material breach of contract.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred in whole or in part by the terms of the contract upon which Plaintiff's claims are based.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred in whole or in part by Plaintiff's contributory or comparative negligence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff's construction work on the project that is the subject matter of this action was defective or otherwise improper and nonconforming.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the defenses of payment, release, accord and satisfaction, waiver and/or estoppel apply.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as a result of Plaintiff's failure to fulfill conditions precedent to the recovery on claims asserted in the Complaint.

## ANSWER

### I. THE PARTIES, JURISDICTION, AND VENUE

1.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 1 of the Complaint and on that basis denies them.

2.     Starbelt admits the allegations of Paragraph 2 of the Complaint.

3.     Starbelt admits the allegations of Paragraph 3 of the Complaint.

4.      Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 4 of the Complaint and on that basis denies them.

5.      Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 5 of the Complaint and on that basis denies them.

6.      In response to Paragraph 6 of the Complaint, Starbelt avers that Count IV of the Complaint asserts an action for foreclosure of mechanic's lien; however, Count IV does not specify the property to which the lien applies.  Responding further, Starbelt avers that the address listed in Paragraph 6 of the Complaint, 100 South Profile Place NW, Huntsville, AL 35810, does not appear in the Verified Statement of Lien referenced in Paragraph 6 of the Complaint.

7.      Starbelt admits the allegations of Paragraph 7 of the Complaint.

8.      Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 8 of the Compliant and on that basis denies them.

9.      The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, Starbelt denies them.

## II. <u>GENERAL ALLEGATIONS</u>

10.     Starbelt hereby re-states and incorporates by reference its responses to the allegations contained in Paragraphs 1-9 of the Complaint above as if fully restated herein.

11.     Starbelt admits that it acquired the Property, but is without sufficient knowledge to form a belief as to the truth or falsity of the remaining factual allegations contained in Paragraph 11 of the Compliant and on that basis denies them.

12.     In response to Paragraph 12 of the Complaint, Starbelt avers that it contracted with Defendant Holder to serve as the general contractor for construction of two data center buildings, an administrative building, and associated site work at Starbelt's North Huntsville, Alabama property located at 5400 Prosperity Drive NW Huntsville, Alabama 35180 (the "Project").

13.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 13 of the Complaint and on that basis denies them.

14.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 14 of the Complaint and on that basis denies them.

15.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 15 of the Complaint and on that basis denies them.

16.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 16 of the Complaint and on that basis denies them.

17.     Starbelt denies the allegations contained in Paragraph 17 of the Complaint as applicable to Starbelt.   Responding further, Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 17 of the Complaint as applicable to the other Defendants and on that basis denies them.

18.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 18 of the Complaint and on that basis denies them.

19.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 19 of the Complaint and on that basis denies them.

20.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 20 of the Complaint and on that basis denies them.

21.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 21 of the Complaint and on that basis denies them.

22.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 22 of the Complaint and on that basis denies them.

23.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 23 of the Complaint and on that basis denies them.

24.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 24 of the Complaint and on that basis denies them.

25.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 25 of the Complaint and on that basis denies them.

26.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 26 of the Complaint and on that basis denies them.

27.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 27 of the Complaint and on that basis denies them.

28.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 28 of the Complaint and on that basis denies them.

29.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 29 of the Complaint and on that basis denies them.

30.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 30 of the Complaint and on that basis denies them.

31.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 31 of the Complaint and on that basis denies them.

32.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 32 of the Complaint and on that basis denies them.

33.     In response to Paragraph 33 of the Complaint, Starbelt avers that JCI's September 22, 2022 letter attached as Exhibit A to the Complaint is a written

document that speaks for itself, and Starbelt denies any allegations inconsistent therewith.

34.     In response to Paragraph 34 of the Complaint, Starbelt avers that JCI's October 12, 2022 Verified Statement of Lien attached as Exhibit B to the Complaint is a written document that speaks for itself, and Starbelt denies any allegations inconsistent therewith.

35.     Starbelt denies the allegations contained in Paragraph 35 of the Complaint.

### III.   COUNT I – BREACH OF CONTRACT

36.     Starbelt hereby re-states and incorporates by reference its responses to the allegations contained in Paragraphs 1-35 of the Complaint above as if fully restated herein.

37.     Starbelt denies the allegations contained in Paragraph 37 of the Complaint as applicable to Starbelt.  Responding further, Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 37 of the Complaint as applicable to the other Defendants and on that basis denies them.

38.     Starbelt denies the allegations contained in Paragraph 38 of the Complaint as applicable to Starbelt.  Responding further, Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the

factual allegations contained in Paragraph 38 of the Complaint as applicable to the other Defendants and on that basis denies them.

39.    Starbelt denies the allegations contained in Paragraph 39 of the Complaint as applicable to Starbelt.   Responding further, Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 39 of the Complaint as applicable to the other Defendants and on that basis denies them.

40.    In response to Paragraph 40 of the Complaint, Starbelt avers that the allegations contained in Paragraph 40 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, Starbelt denies them.

## IV.    COUNT II – VIOLATION OF THE DEBORAH K. MILLER ACT ("PROMPT PAY ACT") ALA. CODE §§8-29-1, *ET SEQ.*

41.    Starbelt hereby re-states and incorporates by reference its responses to the allegations contained in Paragraphs 1-40 of the Complaint above as if fully restated herein.

42.    Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 42 of the Complaint and on that basis denies them.

43.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 43 of the Complaint and on that basis denies them.

44.     Starbelt denies the allegations contained in Paragraph 44 of the Complaint as applicable to Starbelt.   Responding further, Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 44 of the Complaint as applicable to the other Defendants and on that basis denies them.

45.     Starbelt denies the allegations contained in Paragraph 45 of the Complaint as applicable to Starbelt.   Responding further, Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 45 of the Complaint as applicable to the other Defendants and on that basis denies them.

46.     In response to Paragraph 46 of the Complaint, Starbelt avers that the allegations contained in Paragraph 46 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, Starbelt denies them.

## V. <u>COUNT III – QUANTUM MERUIT</u>

47.     Starbelt hereby re-states and incorporates by reference its responses to the allegations contained in Paragraphs 1-46 of the Complaint above as if fully restated herein.

48.     Starbelt denies the allegations contained in Paragraph 48 of the Complaint as applicable to Starbelt.  Responding further, Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 48 of the Complaint as applicable to the other Defendants and on that basis denies them.

49.     Starbelt denies the allegations contained in Paragraph 49 of the Complaint as applicable to Starbelt.  Responding further, Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 49 of the Complaint as applicable to the other Defendants and on that basis denies them.

50.     Starbelt denies the allegations contained in Paragraph 50 of the Complaint as applicable to Starbelt.  Responding further, Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 50 of the Complaint as applicable to the other Defendants and on that basis denies them.

51.     In response to Paragraph 51 of the Complaint, Starbelt avers that the allegations contained in Paragraph 51 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, Starbelt denies them.

## VI.     COUNT IV – FORECLOSURE OF MECHANIC'S LIEN

52.     Starbelt hereby re-states and incorporates by reference its responses to the allegations contained in Paragraphs 1-51 of the Complaint above as if fully restated herein.

53.     In response to Paragraph 53 of the Complaint, Starbelt avers that the allegations contained in Paragraph 53 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, Starbelt denies them.

54.     Starbelt denies the allegations contained in Paragraph 54 of the Complaint as applicable to Starbelt.   Responding further, Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 54 of the Complaint as applicable to the other Defendants and on that basis denies them.

55.     Starbelt admits the allegations of Paragraph 55 of the Complaint.

56.     In response to Paragraph 56 of the Complaint, Starbelt avers that it received a Notice of Intent to File Lien purportedly sent by JCI.

13

57.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 57 of the Complaint and on that basis denies them.

58.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 58 of the Complaint and on that basis denies them.

59.     Starbelt is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 59 of the Complaint and on that basis denies them.

60.     In response to Paragraph 60 of the Complaint, Starbelt avers that the allegations contained in Paragraph 60 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, Starbelt denies them.

Defendant Starbelt denies that Plaintiff JCI is entitled to relief, award, or order of any kind from Defendant Starbelt.  Furthermore, Starbelt denies any and all allegations not specifically admitted in the preceding paragraphs of this Answer and Affirmative Defenses.

DATED:  January 31, 2023

Respectfully submitted,

By: */s/ James Artzer*
Joseph Henner
(*Pro hac vice* application forthcoming)
Georgia Bar No. 006920
jhenner@henscarlaw.com
James Artzer
(*Pro hac vice* application forthcoming)
Georgia Bar No. 861671
jartzer@henscarlaw.com
HENNER & SCARBROUGH LLP
2000 RiverEdge Pkwy, Suite 550
Atlanta, GA 30328
Telephone: 470-531-3069
Fax: 470-531-3063

James S. Witcher, III (ASB-5006-E42J)
HAND ARENDALL HARRISON SALE
1801 5th Avenue North, Suite 400
Birmingham, AL 35203
Telephone: 205-502-0113
Fax: 205-397-1314
jwitcher@handfirm.com

*Attorneys for Defendants*
*Holder Construction Group, LLC, Starbelt,*
*LLC, and Meta Platforms, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this date served counsel of record for all parties in the action with a copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT STARBELT, LLC** via the Court's CM/ECF system.

Respectfully submitted, this 31st day of January 2023.

By: */s/ James Artzer*

Joseph Henner
(*Pro hac vice* application forthcoming)
Georgia Bar No. 006920
jhenner@henscarlaw.com
James Artzer
(*Pro hac vice* application forthcoming)
Georgia Bar No. 861671
jartzer@henscarlaw.com
HENNER & SCARBROUGH LLP
2000 RiverEdge Pkwy, Suite 550
Atlanta, GA 30328
Telephone: 470-531-3069
Fax: 470-531-3063

James S. Witcher, III (ASB-5006-E42J)
HAND ARENDALL HARRISON SALE
1801 5th Avenue North, Suite 400
Birmingham, AL 35203
Telephone: 205-502-0113
Fax: 205-397-1314
jwitcher@handfirm.com

*Attorneys for Defendants*
*Holder Construction Group, LLC, Starbelt,*
*LLC, and Meta Platforms, Inc.*

16